## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | |
|---|---|
| JERRY C. STEELE II, *et al.* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-00050-PLC |
| | ) |
| JOHN A. BLENZ, *et al.* | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT EVERETT'S INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PETITION

Pursuant to Fed. R. Civ. P. 8, Defendant Everett's Inc. ("Everett's") sets forth the following answers and affirmative defenses to Plaintiffs' Petition for Damages (Doc. 4):

1. Everett's lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 1 of the Petition and therefore denies the same.

2. Everett's lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 2 of the Petition and therefore denies the same.

3. Everett's lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 3 of the Petition and therefore denies the same.

4. Everett's lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 4 of the Petition and therefore denies the same.

5. Everett's lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 5 of the Petition and therefore denies the same.

6. Everett's admits the allegations contained in Paragraph 6 of the Petition.

7. Paragraph 7 is a legal conclusion and therefore no response is required. To the extent such a response is required, Everett's denies the allegations contained in Paragraph 7 of the Petition.

8. Everett's admits the allegations contained in Paragraph 8 of the Petition.

9. Everett's denies the allegations contained in Paragraph 9 of the Petition.

10. Everett's admits that Flint Hills Trucking is in the business of transporting goods in interstate commerce but lacks knowledge or information sufficient to a form a belief about the truth or falsity of the remaining allegations contained in Paragraph 10 of the Petition and therefore denies the same.

11. Everett's admits that Blenz was an owner-operator of Flint Hills Trucking and was operating a tractor trailer but lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations contained in Paragraph 11 of the Petition and therefore denies the same.

12. Everett's lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 12 of the Petition and therefore denies the same.

13. Everett's lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 13 of the Petition and therefore denies the same.

14. Everett's lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 14 of the Petition and therefore denies the same.

15. Everett's admits that Flint Hills Trucking was operating under its own U.S. DOT number at the time of the subject motor vehicle collision but lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations contained in Paragraph 15 of the Petition and therefore denies the same.

16. Paragraph 16 is a legal conclusion and therefore no response is required. To the extent such a response is required, Everett's denies the allegations contained in Paragraph 16 of the Petition.

17. Paragraph 17 is a legal conclusion and therefore no response is required. To the extent such a response is required, Everett's denies the allegations contained in Paragraph 17 of the Petition.

18. Paragraph 18 is a legal conclusion and therefore no response is required. To the extent such a response is required, Everett's denies the allegations contained in Paragraph 18 of the Petition.

19. Paragraph 19 is a legal conclusion and therefore no response is required. To the extent such a response is required, Everett's denies the allegations contained in Paragraph 19 of the Petition.

20. The allegations contained in Paragraph 20 of the Petition are not directed at Everett's. As such, no response is required. To the extent a response is required, Everett's denies the allegations contained in Paragraph 20 of the Petition.

21. Everett's lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 21 of the Petition and therefore denies the same.

22. Everett's lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 22 of the Petition and therefore denies the same.

23. Everett's lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 23 of the Petition and therefore denies the same.

24. Everett's lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 24 of the Petition and therefore denies the same.

25. Everett's lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 25 of the Petition and therefore denies the same.

## **AGENCY OF EVERETT'S**

26. Everett's admits it contracted with Flint Hills Trucking to haul certain cargo but denies the remaining allegations contained in Paragraph 26 of the Petition.

27. Everett's denies the allegations contained in Paragraph 27 of the Petition.

28. Everett's denies the allegations contained in Paragraph 28 of the Petition.

29. Everett's denies the allegations contained in Paragraph 29 of the Petition.

30. Everett's admits it contracted with Flint Hills Trucking to haul certain cargo but denies the remaining allegations contained in Paragraph 30 of the Petition.

31. Paragraph 31 is a legal conclusion and therefore no response is required. To the extent such a response is required, Everett's denies the allegations contained in Paragraph 31 of the Petition.

32. Everett's denies the allegations contained in Paragraph 32 of the Petition.

33. Everett's denies the allegations contained in Paragraph 33 of the Petition.

34. Everett's denies the allegations contained in Paragraph 34 of the Petition.

35. Everett's denies the allegations contained in Paragraph 35 of the Petition.

36. Everett's denies the allegations contained in Paragraph 36 of the Petition.

37. Everett's admits that Flint Hills Trucking hauled certain loads for Everett's but denies the remaining allegations contained in Paragraph 37 of the Petition.

38. Paragraph 38 is a legal conclusion and therefore no response is required. To the extent such a response is required, Everett's denies the allegations contained in Paragraph 38 of the Petition.

39. Everett's denies the allegations contained in Paragraph 39 of the Petition.

40. Everett's denies the allegations contained in Paragraph 40 of the Petition.

41. Everett's admits it contracted with Flint Hills Trucking but denies the remaining allegations contained in Paragraph 41 of the Petition.

42. Everett's admits that it transmits payments to Flint Hills for Flint Hills work as an independent contractor but lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations contained in Paragraph 42.

43. Everett's admits that Blenz is an owner-operator of Flint Hills Trucking but lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations contained in Paragraph 43.

44. Everett's denies the allegations contained in Paragraph 44 of the Petition.

45. Everett's lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 45 of the Petition and therefore denies the same.

46. Everett's admits that Blenz operated the tractor-trailer but lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations contained in subparagraph (a) of Paragraph 46 of the Petition. Further answering, Everett's lacks knowledge and information to form a belief about the truth or falsity of the allegations contained in subparagraph (b) of Paragraph 46 of the Petition and therefore denies the same. Further answering, Everett's denies the allegations contained in subparagraph (c) of Paragraph 46 of the Petition.

47. Paragraph 47 is a legal conclusion and therefore no response is required. To the extent such a response is required, Everett's denies the allegations contained in Paragraph 47 of the Petition.

48. Paragraph 48 is a legal conclusion and therefore no response is required. To the extent such a response is required, Everett's denies the allegations contained in Paragraph 48 of the Petition.

49. Paragraph 49 is a legal conclusion and therefore no response is required. To the extent such a response is required, Everett's denies the allegations contained in Paragraph 49 of the Petition.

50. Everett's denies the allegations contained in Paragraph 50 of the Petition.

51. Everett's denies the allegations contained in Paragraph 51 of the Petition.

52. Everett's denies the allegations contained in Paragraph 52 of the Petition.

53. Everett's lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 53 of the Petition and therefore denies the same.

54. Everett's denies the allegations contained in Paragraph 54 of the Petition.

## COUNT I – WRONGFUL DEATH CLAIM

55. Everett's hereby incorporates by reference the above paragraphs as if fully set forth herein.

56. The allegations contained in Paragraph 56 of the Petition are not directed at Everett's. As such, no response is required. To the extent a response is required, Everett's denies the allegations contained in Paragraph 56 of the Petition.

57. Everett's denies the allegations contained in Paragraph 57 of the Petition.

58. The allegations contained in Paragraph 58 of the Petition are not directed at Everett's. As such, no response is required. To the extent a response is required, Everett's denies the allegations contained in Paragraph 58 of the Petition.

59. Everett's denies the allegations contained in Paragraph 59 of the Petition.

60. Everett's denies the allegations contained in Paragraph 60 of the Petition.

61. Everett's denies the allegations contained in Paragraph 61 of the Petition.

## COUNT II – NEGLIGENCE PER SE

62. Everett's hereby incorporates by reference the above paragraphs as if fully set forth herein.

63. Everett's denies the allegations contained in Paragraph 63 of the Petition.

64. Everett's lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 64 of the Petition and therefore denies the same.

65. Everett's lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 65 of the Petition and therefore denies the same.

66. Everett's denies the allegations contained in Paragraph 66 of the Petition.

67. Everett's denies the allegations contained in Paragraph 67 of the Petition.

68. Everett's denies the allegations contained in Paragraph 68 of the Petition.

69. Everett's denies the allegations contained in Paragraph 69 of the Petition.

70. Everett's denies the allegations contained in Paragraph 70 of the Petition.

## COUNT III – AGGRAVATING CIRCUMSTANCES

71. Everett's hereby incorporates by reference the above paragraphs as if fully set forth herein.

72. Everett's lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 72 of the Petition and therefore denies the same.

73. Everett's denies the allegations contained in Paragraph 73 of the Petition.

74. Everett's denies the allegations contained in Paragraph 74 of the Petition.

## AFFIRMATIVE DEFENSES

75. Everett's denies each and every allegation not explicitly admitted above.

76. Plaintiffs fail to state a claim upon which relief may be granted because 49 U.S.C. § 14501 preempts Plaintiffs' state law claims alleged against Everett's.

77. Plaintiffs fail to state a claim upon which relief may be granted because Everett's did not have sufficient control or right of control over Blenz and Flint Hills to subject Everett's to vicarious liability.

78. Plaintiffs fail to state a claim upon which relief may be granted because the parties did not intend to create a joint venture, there was no community of pecuniary interest between the parties, and the parties did not have an equal voice or right.

79. If Plaintiffs sustained any injury or damage as alleged, which Everett's denies, said injury or damage was caused or contributed to be caused by the actions and/or inactions of others whom Everett's does not and cannot exercise control over.

80. If Plaintiffs sustained any injury or damage as alleged, which Everett's denies, said injury or damage was caused or contributed to be caused by the actions and/or inactions of others, whose fault must be compared, to reduce or bar any recovery claimed by Plaintiffs.

81. If Plaintiffs were damaged as alleged, which Everett's denies, the sole and proximate cause of Plaintiffs' damages, if any, were the intervening acts or omissions of persons or entities other than Everett's and over whom Everett's had no control.

82. If Plaintiffs were damages as alleged, which Everett's denies, then any and all alleged injuries or damages suffered by Plaintiffs were the direct and proximate result of the negligence, culpable conduct and/or fault of decedent Monica Steele, including but not limited to her failure to keep a careful lookout and traveling at an excessive speed.

83. Everett's is entitled to a reduction in any award made to Plaintiffs in proportion to decedent Monica Steele's relative degree of fault as compared to the fault of all tortfeasors and/or other Defendants.

84. Plaintiffs cannot recover punitive damages as they cannot establish actual malice, intentional or deliberate wrongdoing, aggravating or outrageous circumstances, an evil motive, or a conscious act that willfully or wantonly disregarded the rights of Plaintiffs.

85. The violations of any statutes or regulations cited by Plaintiffs do not provide the basis for private causes of action.

86. In accordance with Section 537.060, RSMo 2016, and in the event Plaintiffs have or will in the future enter into any release, settlement agreement, covenant not to sue or not to enforce a judgment, Everett's prays for a reduction of Plaintiffs' claims by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.

87. In accordance with Federal Rules of Civil Procedure, Everett's reserves the right to amend its answer based upon information learned during discovery.

Respectfully Submitted,

SHAFFER LOMBARDO SHURIN, PC

*/s/ Richard F. Lombardo*
Richard F. Lombardo    MO#29478
Michael F. Barzee    MO#65764
2001 Wyandotte Street
Kansas City, Missouri 64108
816-931-0500
816-931-5775 (fax)
rlombardo@sls-law.com
mbarzee@sls-law.com
ATTORNEYS FOR DEFENDANT
EVERETT'S, INC.

# **CERTIFICATE OF SERVICE**

NOW ON THIS 17th day of September 2020, the undersigned certifies that the above was filed using the Court's ECF filing system with a copy of the same sent to the parties of record, including the following:

Jay Benson
THE BENSON LAW FIRM LLC
111 South Baltimore
P.O. Box 219
Kirksville, Missouri 63501
jbenson@cableone.net
ATTORNEY FOR PLAINTIFFS

Ted L. Perryman
1034 S. Brentwood Blvd, Suite 2100
St. Louis, MO 63117
tperryman@robertsperryman.com
ATTORNEY DEFENDANT BLENZ

                                                                    */s/ Richard F. Lombardo*